UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**LEKIETHA O. EVANS**,                              CASE NO.: 8:20-CV-00784

    Plaintiff,

    v.

**DEALER GENERAL SUPPLY
COMPANY, LLC and FIRKINS NISSAN, INC.**

    Defendants.
_____/

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, LEKIETHA O. EVANS ("Plaintiff" and/or "EVANS"), by and through undersigned counsel, sues Defendants, DEALER GENERAL SUPPLY COMPANY, LLC (hereinafter "Defendant" or "DEALER GENERAL") and FIRKINS NISSAN, INC., (hereinafter "Defendant" or "FIRKINS") and files her Complaint for damages and alleges as follows:

### NATURE OF ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and constructive discharge from employment.

### JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Middle District of Florida, Tampa Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. At all relevant times to this action, Plaintiff is a natural person residing in Manatee County, Florida.

6. At all times relevant to this action, Plaintiff was a female employee of Defendants.

7. Defendant FIRKINS NISSAN, INC is a Florida Profit Corporation authorized to conduct business in the State of Florida and in Manatee, Florida.

8. Defendant DEALER GENERAL SUPPLY COMPANY, LLC is a Florida Limited Liability Corporation authorized to conduct business in the State of Florida and in Manatee, Florida.

## STATEMENT OF FACTS

9. Plaintiff brings forth this action in Federal Court pursuant to Title VII and FCRA.

10. In or around, Plaintiff Evans began working for Defendants as a Used Car Detailer.

11. Plaintiff was one of six (6) Used Car Detailers assigned to work at Defendant's Bradenton work-site daily. Plaintiff was the only female Car Detailer employed at Defendant's Bradenton work site.

12. At all times relevant to this action, Plaintiff was a member of a protected class under Title VII and the FCRA.

13. At all times relevant to this action, Plaintiff was the only female working as a Car Detailer within Defendants' Car Detailing Department.

14. At all times relevant, Defendant treated Plaintiff differently than the male Car Detailers on her team.

15. At all times relevant, Defendants' MICHAEL COMBS (hereinafter "COMBS") was and is a male employed by Defendant DEALER GENERAL.

16. At all times relevant, COMBS was and is employed as the Supervisor/ Manager assigned to work at Defendants' 2700 1st Street, Bradenton, Florida 34208 and Defendants' 26 Ave West, Bradenton 34025 location.

17. At all times relevant, COMBS held direct supervisory authority over Plaintiff and other Car Detailers in the Used Car Department.

18. At all times relevant, Defendant did not have any anti-discriminatory policies in place for Plaintiff to take advantage off.

19. On or about October 22, 2018, Plaintiff began working at Defendant as a Car Detailer.

20. On or about October 22, 2018, COMBS informed Plaintiff, "I GOT PLANS FOR YOU AND ME."

21. On or about October 23, 2018, COMBS began making other sexual statements to Plaintiff.

22. On or about October 23, 2018, COMBS again stated "I GOT PLANS FOR US," to which Plaintiff asked what he meant, but COMBS did not respond

23. At all times relevant, starting from the beginning of Plaintiff's employment with Defendant, Defendant's COMBS regularly sexually harassed Plaintiff. By means of example, COMBS would ask Plaintiff to have sex with him on a daily basis and would harass Plaintiff in the presence of Defendant's Car Detailers.

24. At all times relevant to this action, Plaintiff rejected COMBS' sexual advances in the form of comments and conduct.

25. In or around November 2018, Plaintiff formed a friendly relationship with another Car Detailer, COMBS became jealous of the relationship and sent Plaintiff to work in New Car Detailing department for the week.

26. In or around November 2018, COMBS noticed what appeared to be a mark on Plaintiff's neck, in response COMBS said, "YOU OUT HERE HAVING HICKEYS ON YOUR NECK AND WONT EVEN GIVE ME NONE."

27. In or around December 2018, Plaintiff spoke to a colleague about her living situation and needing a change. COMBS overheard the conversation and told Plaintiff, "IF YOU MOVE IN WITH ME, I WILL TAKE CARE OF YOU AND YOU WON'T HAVE TO PAY FOR ANYTHING. YOU JUST HAVE TO TAKE CARE OF ME- COOK, CLEAN AND GIVE ME SEX."

28. Again, Plaintiff rejected COMBS' advances, and again COMBS sent Plaintiff to the New Car department for the day.

29. In or around December 2018, COMBS continued asking Plaintiff to have sex with him, and when she declined, COMBS would send Plaintiff to work on Defendant's New Car department.

30. In or around December 2018, Plaintiff complained to DEALER GENERAL and FIRKINS DEALERSHIP Human Resource personnel about the ongoing sexual harassment she endured at the hands of COMBS.

31. Plaintiff continued working, nothing changed after Plaintiff's complaints to DEALER GENERAL and FIRKINS DEALERSHIP Human Resources personnel.

32. At all times relevant to this action, Defendants were on notice of COMBS' crude comments and sexually charged conduct towards Plaintiff.

33. In or around January 2019, COMBS said to Plaintiff, "I'LL GET A MOTEL AND PAY FOR IT, AND I WILL GIVE YOU TWENTY DOLLARS IF YOU GIVE ME SOME."

34. COMBS ask Plaintiff, "HOW MUCH WOULD IT COST TO GET WITH YOU?"

35. Plaintiff responded, "I'M NOT HERE FOR THAT."

36. On or about January 19, 2019, COMBS grabbed Plaintiff's buttocks, Plaintiff shoved COMBS and shouted at him not to touch her.

37. COMBS then sent Plaintiff home for the day without pay.

38. At all times relevant, Plaintiff continued to oppose COMBS' discriminatory remarks and harassment, but COMBS' persisted in his discriminatory behavior.

39. At all times relevant, Plaintiff was in fear of losing her job at Defendant, as the job was her only source of income.

40. On or about January 19, 2019, Plaintiff complained to the Human Resource officer about COMBS' constant harassment and COMBS inappropriately touching her butt.

41. On or about January 21, 2019, Plaintiff met with Defendant's Supervisors Tom McIntire ("MCINTIRE") and John ("JOHN") and discussed the harassment that she has endured since she began working for Defendant.

42. On or about January 21, 2019, MCINTIRE and JOHN asked Plaintiff if she would continue working with COMBS despite his actions, Plaintiff said "NO."

43. On or about January 21, 2019, MCINTIRE and JOHN told Plaintiff that she would be paid for the days COMBS sent her home without pay.

44. Defendant failed to pay Plaintiff for the days Plaintiff was sent home without pay by COMBS.

45. On or about January 21, 2019, MCINTIRE and JOHN told Plaintiff that she would be moved to another of Defendants' location in Tampa or New Port Richey, Florida. Plaintiff explained the New Port Richey location offered was approximately a one hour and a half commute each way for her.

46. On or about January 21, 2019, MCINTIRE and JOHN told Plaintiff that was all they could offer her at the time. Plaintiff had no other options and needed the money to stay afloat.

47. On or about January 21, 2019, Plaintiff accepted the Tampa offer not knowing the distance she would have to travel.

48. Plaintiff agreed because Plaintiff did not believe she had any options due to the fact that Defendant informed her that those two were her only options.

49. Plaintiff EVANS claims constructive discharge.

50. On or around August 20, 2019, Plaintiff EVANS filed an EEOC Charge of discrimination against the Defendant.

51. On or around January 3, 2020 Plaintiff EVANS received the Notice of Suit Rights from the EEOC.

52. At all times relevant to this action, by reasons of Defendant's recklessness and/or carelessness, Defendant caused Plaintiff damages by failing to adequately supervise its employees.

53. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

54. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

55. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will

continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

57. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

58. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

59. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff demands Punitive Damages as against Defendant.

60. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

<b><u>AS A FIRST CAUSE OF ACTION<br>FOR DISCRIMINATION UNDER TITLE VII<br>[AGAINST ALL DEFENDANTS]</u></b>

61. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 60 above.

62. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

63. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her gender.

64. At all times relevant to this action, Plaintiff was a member of a protected class under Title VII.

65. Plaintiff EVANS is a female and was qualified to do her job as Car Detailer at Defendant's Bradenton location.

66. Defendant's male supervisor, COMBS, regularly made sexually charged comments about Plaintiff's body.

67. On two separate occasions, Defendant's COMBS grabbed Plaintiff EVANS' buttocks while she worked at Defendant. At all times relevant to this action, Plaintiff objected to COMBS' harassing conduct.

68. COMBS asked Plaintiff, "HOW MUCH TO GET WITH THAT?"

69. At all times relevant to this action, COMBS made crude comments about having a sexual relationship with Plaintiff EVANS. Specifically asking her to have sex with him.

70. At all times relevant to this action, Plaintiff did not give COMBS consent to touch her in any manner.

71. On both occasions where COMBS grabbed Plaintiff's buttocks, Plaintiff EVANS objected and pushed COMBS away.

72. At all times relevant to this action, COMBS sexually harassed Plaintiff EVANS because of she is a female. COMBS did not sexually harass Defendant's male employees.

73. Defendant treated Plaintiff EVANS less favorably than similarly situated employees outside her protected class.

74. Plaintiff EVABS exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

75. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

76. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS A SECOND CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**
**[AGAINST ALL DEFENDANTS]**

77. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 60 above.

78. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified,

assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

79. Plaintiff EVANS is a woman and, as such, a member of a protected class under Title VII.

80. COMBS made sexually charged comments to Plaintiff on a number of occasions. COMBS touched and grabbed Plaintiff without her consent.

81. Plaintiff EVANS complained to Defendant about the sexual comments and about COMBS touching her in a sexual manner.

82. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

83. Shortly after Plaintiff EVANS made her sexual harassment and retaliation complaints, Defendant decided to transfer Plaintiff EVANS to a work site an hour and a half from Plaintiff's home.

84. Defendant's actions would deter a reasonable employee from complaining about discriminatory conduct.

85. Plaintiff EVANS exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

86. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII
## [AGAINST DEALER GENERAL SUPPLY]

87. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 60 above.

88. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

89. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

90. COMBS' sexually harassing conduct was directly connected to Plaintiff EVANS' gender. Defendant's male Car Detailers were not sexually harassed by COMBS.

91. Plaintiff EVANS did not welcome COMBS' sexual conduct or comments based on her gender.

92. As a result of COMBS' pervasive sexual conduct and comments, Plaintiff's work environment was continuously altered.

93. Defendant delegated COMBS the supervisory authority to control Plaintiff EVANS' work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff EVANS' working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

94. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

>**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
>a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and
>
>b. Issue an order prohibiting further discrimination; and
>
>c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS A FOURTH CAUSE OF ACTION**
**DISCRIMINATION UNDER FCRA**
**[AGAINST ALL DEFENDANTS]**

95. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 60 above.

96. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

97. Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the FCRA.

98. At all times relevant, Plaintiff was an employee under the FCRA.

99. Plaintiff is and was protected against discrimination under the FCRA.

100. At all times relevant, Plaintiff EVANS was qualified to do her job and other jobs at Defendant.

101. At all times relevant, Defendant treated Plaintiff EVANS differently because of her gender.

102. At all times relevant, COMBS made unwelcomed sexual comments to Plaintiff EVANS.

103. On more than one occasion, COMBS touched Plaintiff EVANS' buttocks without her consent.

104. At all times relevant to this action, Plaintiff objected to COMBS sexual comments and conduct.

105. Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

106. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and
>
> b. Issue an order prohibiting further retaliation; and
>
> c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and
>
> d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and
>
> e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

# AS A FIFTH CAUSE OF ACTION
# RETALIATION UNDER FCRA
# [AGAINST ALL DEFENDANTS]

107. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 60 above.

108. COMBS made sexually charged comments to Plaintiff on a number of occasions. COMBS touched and grabbed Plaintiff without her consent.

109. Plaintiff EVANS complained to Defendant about the sexual comments and about COMBS touching her in a sexual manner.

110. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

111. Shortly after Plaintiff EVANS made her sexual harassment and retaliation complaints, Defendant decided to transfer Plaintiff EVANS to a work site an hour and a half from Plaintiff's home.

112. Defendant's actions would deter a reasonable employee from complaining about discriminatory conduct.

113. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

114. Defendant took adverse employment actions against Plaintiff EVANS because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the FCRA.

115. Defendant constructively discharged Plaintiff EVANS within moments of her complaint of sexual discrimination and sexual harassment.

116. These retaliatory actions against Plaintiff EVANS would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A SIXTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT UNDER FCRA

117. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 60 above.

118. The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

119. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally

protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

120. On at least two occasions, COMBS grabbed Plaintiff EVANS in a sexual manner.

121. Frequently, Defendant's agent, COMBS, made crude sexual comments to Plaintiff and about Plaintiff to other employees.

122. The harassing conduct was directly connected to Plaintiff EVANS' gender.

123. Defendant delegated COMBS the supervisory authority to control Plaintiff EVANS; work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff EVANS' working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

124. As a result of Defendant's violations of FCRA, Plaintiff EVANS has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Miami, Florida
April 2, 2020

**DEREK SMITH LAW GROUP, PLLC**

Attorneys for Plaintiffs

By: /s/ *Tiffani-Ruth I. Brooks*
Tiffani-Ruth I. Brooks, Esq.
tiffani@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33186
(305) 946-1884